**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA**
**CIVIL DIVISION**

**SHEILA WHITEHEAD,**

           **Plaintiff,**       8:04-cv-759-T-26MSS

**vs.**                                            **Case No.**

**VAL-PACK DIRECT MARKETING**
**SYSTEMS, INC., a foreign corporation,**       04- 1826- CI- 13

           **Defendant.**       Filed in State Court: 3-5-04

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHEILA WHITEHEAD ("Plaintiff"), hereby sues Defendant, VAL-

PACK DIRECT MARKETING SYSTEMS, INC. ("Defendant"), and alleges as

follows:

**JURISDICTION AND VENUE**

1.      This is an action for damages the value of which exceeds $15,000,

exclusive of pre-judgment interest, costs, and attorney's fees.

2.      Plaintiff has performed all conditions precedent necessary to the

maintenance of this action under the Florida Civil Rights Act of 1992, § 760.10 et

seq. ("FCRA"), including the timely filing of a charge of disability discrimination with

the United States Equal Employment Opportunity Commission ("EEOC") and the

Florida Commission on Human Relations ("FCHR"), receipt of a Notice of Right to

-1-



Sue from the EEOC with respect to said charge; and the timely filing of this action consistent with the FCRA.

3.     Plaintiff was a resident and citizen of Pinellas County, Florida at all times material to this action.

4.     Defendant was Plaintiff's employer within the meaning of the FCRA and was doing business in Pinellas County, Florida at all times relevant to this action.

## FACTUAL BACKGROUND

5.     Plaintiff was employed by Defendant as a machine operator for twelve (12) years prior to her discharge in May 2003.

6.     At all times relevant to this action, Plaintiff suffered from cancer and its insidious side effects caused by treatment of said disease and the attitude of her employer toward the disease.

7.     During Plaintiff's employment with Defendant, it was fully aware of Plaintiff's disease and status as a qualified person with a disability.  Plaintiff's disability substantially limited one or more major life activities.

8.     Plaintiff, at various times, had requested accommodation for her disability in the form of time off from work to obtain necessary medical treatment. Defendant had granted time off on some occasions prior to discharge but grew increasingly reluctant.

9.     On at least one occasion, Defendant's management informed Plaintiff

-2-

that she would be discharged from her job if she took time off of work for her cancer treatment.

10.    In March 2003, Plaintiff went on medical leave for her disability and the need for reconstructive surgery.

11.    When Plaintiff returned to work in April 2003, she was informed that she would be fired if she missed more time from work.

12.    Plaintiff was forced to work while ill because of the threatened discharge of her employment.

13.    On Plaintiff's last day of work, she was ordered to take a drug test without probable cause.  Defendant had full knowledge of Plaintiff's disability and persisting illness after Plaintiff continued to work in April 2003 under the threat of being discharged. When Plaintiff explained that she was ill and did not feel well, she was discharged.

14.    Plaintiff's supervisor offered to call an ambulance for Plaintiff on her last day of work.

15.    Plaintiff has retained the services of the undersigned attorney.

## COUNT I - DISABILITY DISCRIMINATION
## IN VIOLATION OF THE FCRA

16.    Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

17.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA in that Plaintiff was capable of

-3-

performing all essential functions of the position she held with or without a reasonable accommodation.

18.   At all times relevant to this action, Plaintiff (a) suffered from one or more physical impairments which substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c) was perceived by Defendant as substantially limited in one or more major life activities.

19.   Plaintiff suffered from physical impairments as defined by 29 C.F.R. § 1630.2(h) at all times relevant to this action in that she suffers from cancer. Plaintiff's physical impairments affected one or more major life activities.

20.   Defendant was prohibited under the FCRA from discriminating against Plaintiff because of her disability with regard to discharge, and other terms, conditions, and privileges of employment.

21.   Defendant violated the FCRA by terminating Plaintiff's employment and otherwise discriminating against her.

22.   Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.   Grant a permanent injunction enjoining Defendants from engaging in any employment practice violative of the FCRA;

B.   Declare Defendants' conduct to be in violation of the FCRA and

order said Defendants to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C.    Grant a judgment requiring Defendants to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, compensatory damages in an amount to be proved at trial, prejudgment interest thereon and punitive damages;

D.    Grant Plaintiff her costs and an award of reasonable attorney's fees (including expert fees); and

E.    Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - RETALIATION
## IN VIOLATION OF THE FCRA

23.    Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

24.    Plaintiff was in the protected FCRA group at all times material to this action.

25.    Plaintiff engaged in protected activity under the FCRA by seeking an accommodation for her disability.

26.    Defendant's hostile treatment of Plaintiff and ultimate decision to

terminate her employment were causally related to her protected activity.

27.     Defendants' purported reasons for Plaintiff's termination were a mere pretext for retaliation motivated by Plaintiff's protected activity.

28.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a permanent injunction enjoining Defendants from engaging in any employment practice violative of the FCRA;

B.     Declare Defendants' conduct to be in violation of the FCRA and order said Defendants to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C.     Grant a judgment requiring Defendants to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, compensatory damages in an amount to be proved at trial, prejudgment interest thereon and punitive damages;

D.     Grant Plaintiff her costs and an award of reasonable attorney's fees (including expert fees); and

E.     Grant Plaintiff trial by jury and such further relief as the Court

deems just and equitable.

## COUNT III - VIOLATIONS OF FMLA

29.    Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

30.    Plaintiff took FMLA-qualifying medical leave before her discharge on several occasions.

31.    Defendant violated and interfered with Plaintiff's FMLA rights by terminating Plaintiff's employment.

32.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant a permanent injunction enjoining Defendant and its officials from engaging in any employment practice violative of FMLA.

B.    Declare Defendant's conduct to be in violation of the FMLA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices.

C.    Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, liquidated damages to be proved at trial, and

prejudgment interest thereon;

D.    Grant Plaintiff costs and an award of reasonable attorney's fees
(including expert fees); and

E.    Grant Plaintiff trial by jury and such further relief as the Court
deems just and equitable.

## COUNT IV - VIOLATIONS OF § 440.102, FLORIDA STATUTES

33.    Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

34.    Defendant is a drug-free workplace employer under section 440.102.

35.    Defendant interfered with Plaintiff's rights under section 440.102 by
terminating Plaintiff's employment and purporting to compel a drug test contrary to
the provisions of the statute, including: (1) testing without reasonable suspicion; (2)
testing a person too ill to be tested; (3) testing without a written record or
memorandum; (4) testing a person on a non-random basis; (5) testing a person in
need of an ambulance.

WHEREFORE, Plaintiff seeks actual and punitive damages and an award of
reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,

Craig L. Berman, Esquire
BERMAN LAW FIRM, P.A.
Fla. Bar No. 068977
111 Second Avenue N.E.
Suite 810
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
SPN No. 01946957

**ATTORNEY FOR PLAINTIFF**