UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEILA WHITEHEAD,

    Plaintiff,

vs.                               Case No.: 8:04-CV-759-T-26MSS

VAL-PACK DIRECT MARKETING
SYSTEMS, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO REMAND
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, SHEILA WHITEHEAD, by and through her undersigned counsel, moves this Honorable Court for entry of an order remanding Plaintiff's entire action to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, where this action originated, pursuant to 28 U.S.C. §§1445(c) and 1447(c). In support of this Motion, Plaintiff submits the following grounds and statutory and case authority:

1.     This action was filed by Plaintiff in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. In her Complaint, Plaintiff claimed, inter alia, disability discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, as amended, Fla. Stat. § 760.01 et al. ("FCRA"); discriminatorily motivated "random" testing and discharge in violation of the Florida Workers' Compensation Law, Fla. Stat. §440.102; and a violation of the Family and Medical Leave Act.

2.     Defendant timely removed the entire action to the Middle District of Florida due to the presence of a federal question on the face of the well-pleaded Complaint.

1

3. As a Court of limited jurisdiction, Plaintiff submits that this Court is without subject matter jurisdiction over the "entire action" under 28 U.S.C. §1445(c) and absent such jurisdiction, this Court is without the authority to hear this action.

4. Plaintiff has complied with Local Rule 3.01(g). Defendant opposes this Motion in whole or in part.

## MEMORANDUM

### I. REMAND OF THE ENTIRE ACTION IS PROPER BECAUSE THIS ACTION ARISES UNDER A WORKERS' COMPENSATION LAW AND NEITHER CLAIM IS SEPARATE AND INDEPENDENT FROM ANY OTHER

All of the claims in this action concern Plaintiff's discharge from employment. Defendant admits in its Answer that it is an employer covered by the provisions set forth in section 440.102, Florida Statutes (See Answer, ¶ 34). Florida's Workers' Compensation Law is codified in Chapter 440, Florida Statutes. See § 440.01, Florida Statutes. Section 440.101(1) provides:

> It is the intent of the Legislature to promote drug-free workplaces in order that employers in the state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace, and reach their desired levels of success without experiencing the costs, delays, and tragedies associated with work-related accidents resulting from drug abuse by employees. It is further the intent of the Legislature that drug abuse be discouraged and that employees who choose to engage in drug abuse face the risk of unemployment and the forfeiture of workers' compensation benefits.

Id. (emphasis added). Thus, an employer may and is encouraged to defend workers compensation claims based on the provisions of section 440.102(12), which provides: "An employer shall deny an employee medical or indemnity benefits under this chapter,

2

pursuant to this section." The FWCL further provides:

> (b) An employer who discharges or disciplines an employee or refuses to hire a job applicant in compliance with this section is considered to have discharged, disciplined, or refused to hire for cause. . . .
>
> (d) Nothing in this section shall be construed to prevent an employer from establishing reasonable work rules related to employee possession, use, sale, or solicitation of drugs, including convictions for drug-related offenses, and taking action based upon a violation of any of those rules. . . .
>
> (f) If an employee or job applicant refuses to submit to a drug test, the employer is not barred from discharging or disciplining the employee or from refusing to hire the job applicant. <u>However, this paragraph does not abrogate the rights and remedies of the employee or job applicant as otherwise provided in this section</u>.

Section 440.102(4)(o) provides protection for the employee and states:

> <u>If drug testing is conducted based on reasonable suspicion, the employer shall promptly detail in writing the circumstances which formed the basis of the determination that reasonable suspicion existed to warrant the testing</u>. A copy of this documentation shall be given to the employee upon request and the original documentation shall be kept confidential by the employer pursuant to subsection (8) and shall be retained by the employer for at least 1 year.

<u>Id</u>.

These provisions play an integral role in the workers' compensation system in Florida as the legislative intent behind this cause of action is to "ensure the prompt delivery of benefits to the injured worker," and to "protect the employee's access to worker's compensation remedy and not allow an employer's intimidation or coercion to discourage filing valid claims." <u>Chase v. Walgreen Co.</u>, 750 So.2d 93, 97-98 (Fla. 5th DCA 1999) (citing, Fla. Stat. §440.015 (identifying the legislative intent of Act)); see also <u>Scott v. Otis</u>

Elevator Co., 572 So.2d 902 (Fla. 1990) (Section 440.205 reflects the public policy of Florida).

The pertinent removal provision found in 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A challenge to subject matter jurisdiction is never waived. Under 28 U.S.C. § 1441, "except as otherwise expressly provided by Act of Congress," any civil action filed in state court may be removed to federal court when the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Thus, civil actions filed in state court are generally removable to federal court unless an Act of Congress expressly prohibits removal.

In this case, Congress has expressly forbade removal in explicit terms. The Court does not have jurisdiction to hear this action because it contains a workers' compensation retaliatory discharge claim based on the non-removable actions provision found in section 1445(c), which states:

> A <u>civil action</u> in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. §1445(c) (emphasis added).

The Eleventh Circuit did not address whether remand of the entire action is required in <u>Reed v. Heil Company</u>, 206 F.3d 1055, 1056 (11th Cir. 2000) (actions claiming retaliation for filing a workers' compensation claim "arise under that state's workers' compensation laws"). The <u>Reed</u> court went out of its way to avoid interpreting the term "<u>civil action</u>" in section 1445(c) and remanded only the claim under the Alabama workers compensation law. Judge Moody construed <u>Reed</u> in a 2003 decision attached to this Motion as

4

consistent with the right to seek remand. (See Order signed by Judge Moody in <u>Durhams v. TSE Industries, Inc.</u>, in which the entire action was remanded under section 1445).

Other federal courts have addressed the plain language of section 1445(c) in the context of actions which contain claims brought under workers' compensation laws and other federal laws, holding that such actions cannot be removed to federal court even where removal is based on the presence of a federal question. See <u>Humphrey v. Sequentia, Inc.</u>, 58 F.3d 1238 (8th Cir.1995) (where § 1445(c) is invoked, the entire case is not removable even if it otherwise presents a federal question or there is diversity). Other courts have adopted the <u>Humphrey</u> rationale. See <u>Snuggs v. Excel Mfg., Inc.</u>, 1999 U.S. App. LEXIS 22027 (6th Cir. 1999) (following <u>Humphrey</u> and remanding the entire action despite presence of diversity); <u>Johnson v. AGCO Corp.</u>, 159 F.3d 1114 (8th Cir. 1998).

Partial remand of the state law claim under section 440.205, Florida Statutes, is not appropriate in this case under 28 U.S.C. § 1441(c). This section addresses the removability of individual claims where an otherwise removable federal claim is joined with a non-removable state law claim, and provides:

> whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

In <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 14 (1951), the Supreme Court set out a description of what constitutes a separate and independent claim. The Court held "where there is a single wrong to the plaintiff, for which relief is sought, arising from an

interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." In this case, each statutory claim in this case concerns, at a minimum, Plaintiff's ultimate discharge from Defendant and there is no separate and independent claim under Finn. See In re City of Mobile, 75 F.3d 605 (11th Cir. 1996) ("The district court correctly found that the claims here were not separate and independent. Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c) . . . . In this case, a single accident occurred, and state and federal claims were filed based on that accident"); Danfelt v. Board of County Comm'rs, 998 F. Supp. 606 (D. Md. 1998) ("Section 1441(c) is not applicable to the instant case because the suit presents claims stemming from a single alleged wrong to Plaintiff resulting from the same transaction--his termination as a Washington County bus driver"). Accordingly, the entire action must be remanded. Plaintiff should not be subjected to the risk of inconsistent adjudication if the motive for discharge is simultaneously litigated in federal and state court.

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

Even if the entire action is not remanded under section 1445, this Court should remand all state law claims. Title 28 U.S.C. § 1367(c) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

## A.     Plaintiff's Claim under section 440.102 is Novel and Complex

The claim for wrongful discharge under section 440.102 is novel and complex, there being no case authority on the subject at this time. Florida courts have held, "Where a statute requires an act to be done for the benefit of another or forbids the doing of an act which may be to his injury, though no action be given in express terms by the statute for the omission or commission, the general rule of law is that the party injured should have an action; for where a statute gives a right, there, although in express terms it has not given a remedy, the remedy which by law is properly applicable to that right follows as an incident." See Smith v. Piezo Technology & Professional Administrators, 427 So. 2d 182, 184 (Fla. 1983) (holding that § 440.205 creates a statutory cause of action and a damages remedy). "It must be assumed that a provision enacted by the legislature is intended to have some useful purpose." Id.

Appropriate remedies for a violation of 440.102 are not clear: can an employee who is discharged contrary to the procedures mandated in this section seek compensatory and punitive damages? When the legislature creates a statutory cause of action, it is presumed to have knowledge of and legislate against the backdrop of existing law. Comptech Int'l., Inc. v. Milam Commerce Park, Ltd., 753 So. 2d 1219, 1223 (Fla. 1999). Section 768.71 was adopted in 1986 and provides:

> (1) Except as otherwise specifically provided, this part applies to **any action for damages**, whether in tort or in contract.
>
> (2) This part applies only to causes of action arising on or after July 1, 1986, and does not apply to any cause of action arising before that date.
>
> (3) If a provision of this part **is in conflict** with any other

7

provision of the Florida Statutes, such other provision shall apply.

Id. (emphasis added).[1] In theory, a literal reading of section 768.71 would require a conclusion that punitive damages are available (subject to meeting the required showing) in any action for damages unless otherwise provided by the Legislature. This is a matter that should be determined in state court. Here, section 440.102 does not otherwise provide. See Branche v. Airtran Airways, Inc., 2004 U.S. Dist. LEXIS 6877 (M.D. Fla. 2004) (court held that section 448.103 of the Florida Whistleblower Act otherwise provided that punitive damages are not available notwithstanding the savings clause in section 448.105, distinguishing section 440.205 which was silent on the issue as to whether punitive damages are available). This claim should be remanded.

### B. Plaintiff's State Law Claims Predominate Based on Material Differences in the Standards of Causation as Between the Federal and State Claims

The state law claims predominate over the FMLA claim over which this Court has original jurisdiction. The FMLA claim also has a standard of causation which is different from the state law claims. Under federal anti-discrimination law, a plaintiff must prove but-for causation, i.e., that the protected activity was a determining factor that made a difference in the employer's decision. See Farley v. Nationwide Mut. Ins. Co., 197 F.3d

---

[1] By its clear terms, the FWCL does not expressly foreclose the recovery of punitive damages unlike other statutes. See e.g., § 772.11, Florida Statutes (civil theft statute expressly provides that punitive damages may not be awarded under this section). Thus, it was the probable intent of the legislature that such damages may be awarded under settled principles of statutory construction. "The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard." Thornber v. City of Fort Walton Beach, 568 So. 2d 914, 918 (Fla. 1990). "Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law." Id.

8

1322 (11th Cir. 1999). "But-for causation is a hypothetical construct. In determining whether a particular factor was a but-for cause of a given event, we begin by assuming that that factor was present at the time of the event, and then ask whether, even if that factor had been absent, the event nevertheless would have transpired in the same way." Price Waterhouse v. Hopkins, 490 U.S. 228, 240 (1989). "If a motive is not a but-for cause of an event, then by definition it did not make a difference to the outcome. The event would have occurred just the same without it." Id. at 282 (Kennedy, J., dissenting) (emphasis added).

The Supreme Court was unable to resolve in a single opinion whether the phrase "because of" presupposes but-for causation in Hopkins. Although Justice Brennan initially remarked in the plurality opinion, "To construe the words 'because of' as colloquial shorthand for 'but-for causation,' as does Price Waterhouse, is to misunderstand them," 490 U.S. at 240, he went on to explain that "where an employer is unable to prove its claim that it would have made the same decision in the absence of discrimination, we are entitled to conclude that gender did make a difference to the outcome." Id. at 246 n.11. According to the dissent, "the import of [Hopkins] is not that Title VII liability can arise without but-for causation, but that in certain cases it is not the plaintiff who must prove the presence of causation, but the defendant who must prove its absence." Id. at 286 (Kennedy, J., dissenting).[2]

---

[2]Five justices in Hopkins (the four justice plurality opinion and Justice White) agreed that the framework in Mt. Healthy City Bd. of Education v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977), governs the parties' respective burdens in mixed-motive cases under Title VII. This Court arrived at this conclusion in Bell v. Birmingham Linen Service, 715 F.2d 1552, 1558 n.9 (11th Cir. 1983) (holding that "[p]roof of significant reliance on discrimination as a basis for an employment decision, therefore, establishes a violation of Title VII"). The Bell court noted "substantial criticism of the 'but for' standard of causation in disparate treatment cases." Id. (citing, Brodin, *The Standard of Causation in the Mixed Motive Title VII Action: A Social Policy Perspective*, 82 Colum. L. Rev. 292, 311-26 (1982)).

9

On the other hand, Florida follows the 'substantial factor' test, which posits that a defendant is liable for a plaintiff's injury if the defendant's conduct was a substantial factor in bringing about the injury even though other causes may have contributed to it. See e.g., Allan v. SWF Gulf Coast, Inc., 535 So. 2d 638 (Fla. 1st DCA 1988) (court held that "this enactment [§ 440.205, Florida Statutes] does not require that the employee's pursuit of worker's compensation benefits be the only reason for a discharge. The statute prohibits any discharge 'by reason of' an attempt to claim compensation, even if there may also be other reasons for the discharge"). The substantial factor test is the only proper test when there are concurring or multiple causes of a single injury. Goldschmidt v. Holman, 571 So. 2d 422, 424 (Fla. 1990) (defining concurrent causes as "two separate and distinct causes that operate contemporaneously to produce a single injury"). The 'substantial factor' test is indeed less onerous than the "determining" factor or but-for test. See Allison v. Housing Auth., 821 P.2d 34, 41-42 (Wash. 1991) (rejecting the but for test in favor of the substantial factor test, noting that the but-for test is unfair in "multiple causation cases") (citing, Belton, *Causation in Employment Discrimination Law*, 34 Wayne L. Rev. 1235, 1248 (1988)).

As a matter of law, a "but for" definition of causation is inappropriate in a concurrent cause case. In re Manguno, 961 F.2d 533 (5th Cir. 1992). In a concurrent cause case where each factor standing alone is sufficient to cause the injury, the "but for test does not work because it would result in each force being absolved of liability." Wilson v. Kotzebue, 627 P.2d 623, 630 (Alaska 1981). See e.g., Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1205 (1st Cir. 1995) (where jury found that sex and retaliation were alternative independent reasons for the discharge decision, such that neither factor alone was a but-for cause of the event thereby creating an inconsistent verdict requiring reconciliation). Here, this Court should find that the different standards of causation as between federal and state law

require remand of the state law claims to avoid juror confusion.

WHEREFORE, Plaintiff requests that this Motion be granted and that either the entire action or all of the state law claims be remanded to state court.

Craig L. Berman
BERMAN LAW FIRM, P.A.
111 Second Avenue, Suite 810
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail upon:

Tony B. Griffin
W. Robert Donovan, Jr.
401 E. Jackson Street
Suite 2700
Tampa, Florida 33602

on this 5th day of May, 2004.

Attorney

11

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WILLIE J. DURHAMS,**

    **Plaintiff,**

v.                                              **Case No. 8:03-cv-455-T-30MAP**

**TSE INDUSTRIES, INC., a Florida Corporation,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon the Motion to Remand (Dkt. #7) filed by Plaintiff. Defendant filed a response (Dkt. #10), opposing remand except as to Count III. After close consideration, this Court concludes that the entire case should be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

### BACKGROUND

On February 20, 2003, Plaintiff filed a four count complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (the "State Court"), case no. 03-1471-CI-13 (the "State Action"). Plaintiff alleged racial discrimination in violation of 28 U.S.C. § 1981, retaliation in violation of 28 U.S.C. § 1981, retaliatory discharge in violation of Florida Statutes § 440.205, and violation of Florida's Whistleblower Act.

On March 13, 2003, Defendant timely removed the State Action to this Court because federal question jurisdiction existed over two claims and supplemental jurisdiction existed

over the Plaintiff's remaining two state law claims. On April 25, 2003, Plaintiff moved to remand this case to the State Court, arguing that 28 U.S.C. § 1445(c) barred removal of a civil action containing a claim arising under Florida's workmen's compensation laws. On April 30, 2003, Defendant filed a response to the motion to remand, arguing only Plaintiff's workmen's compensation claim, count III, should be remanded to the State Court.

## LEGAL ANALYSIS

This Court concludes that the entire action should be remanded to the State Court. Neither party disputes that Plaintiff's claim for retaliatory discharge under Florida Statutes § 440.205 is a claim that arises under Florida's workmen's compensation laws. Instead, Defendant argues that the limitation contained in Section 1445(c) only requires the partial remand of the wrongfully removed claim and not the entire action. See Def. Response at 2-4 (citing to Reed v. Heil Company, 206 F.3d 1055 (11th Cir. 2000)).

28 U.S.C. § 1441 provides the basis of this Court's removal jurisdiction. While quite broad, Section 1441 limits the classes of cases subject to removal. Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441(a) (emphasis added).

One such limitation on this Court's removal jurisdiction is contained in 28 U.S.C. § 1445(c). Section 1445(c) prohibits removal of "[a] civil action in any state court arising under the workmen's compensation laws of such State . . . ." 28 U.S.C. § 1445(c). Whether

Section 1445 requires the remand of the entire action or only the nonremovable claim is not clear from the face of the statute.

The former Fifth Circuit considered the interplay between Section 1445(a), which prohibits removal Federal Employers' Liability Act ("FELA") actions, and 28 U.S.C. § 1441(c), which would seemingly allow for at least partial removal of a nonremovable action,[1] in Gamble v. Central of Georgia Railway Co., 486 F.2d 781 (5th Cir. 1973), overruled on other grounds, Lirette v. N. L. Sperry Sun, Inc., 820 F.2d 116, 117-18 (5th Cir. 1987) (en banc) (overruling Gamble's holding prohibiting waiver of remand). The court concluded that Section 1441(c) did not override Section 1445's prohibition on removal of certain types of actions. See id. at 785. When an action containing removable and nonremovable claims is removed to a district court, the former Fifth Circuit held that a district court should either remand the entire action or sever the nonremovable claim and remand that portion of the case to the state court. See id.; also Crews v. Seaboard Coast Line Railroad Co., 413 F. Supp. 679 (M.D. Fla. 1976).

---

[1]Section 1441(c) states:

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion remand all matters in which state law predominates.

28 U.S.C. § 1441(c).

Neither the former Fifth Circuit nor the Eleventh Circuit have commented on what considerations should govern this Court's determination of whether to remand the entire case or sever and remand a nonremovable claim. The other circuit courts that have addressed this issue apply a different rule that requires remand of the entire action containing the nonremovable claim.[2] The few district courts in the Eleventh Circuit that have considered this issue have applied Section 1441(c)'s "separate and independent claim" test to determine whether the entire case should be remanded. See, e.g., Peturis v. Fendley, 496 F. Supp. 203, 204 (S.D. Ala. 1980) (holding third party claim separate and independent and therefore severable from FELA claim); Shaw v. General Electric Co., 492 F. Supp. 779, 780-81 (N.D. Ala. 1980) (holding FELA and negligence action not severable because claims not separate and independent).[3]

Defendant relies on Reed v. Heil Company to argue that the three claims beside the workmen's compensation claim should be retained. 206 F.3d 1055 (11th Cir. 2000). Reed

---

[2] Other circuit courts have apparently applied an apparently *per se* rule not allowing removal of cases that also contain workmen's compensation based claims. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1247 (8th Cir. 1995) (involving federal question claim); Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 724 (7th Cir. 1994) (involving a federal question claim); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1091 (5th Cir. 1991) (involving a diversity claim). These cases conflict with Gamble to the extent that they mandate remand of the entire case.

[3] The Eleventh Circuit more recently reiterated what constitutes a "separate and independent claim." See In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996). In Mobile, the Eleventh Circuit held that section 1983, negligence, and dram shop liability claims were not separate and independent because they were the result of a single wrong based on a common event or transaction. See id.

involved a three count complaint removed to federal court. The complaint alleged that the defendant breached an employment contract, retaliatory discharged the plaintiff in violation of Alabama workmen's compensation laws, and violated the Americans with Disability Act (the "ADA"). Id. at 1058. The district court denied a motion to remand and later granted summary judgment on all claims. See id. Only the grant of summary judgment was appealed, but the Plaintiff argued that the district court was without jurisdiction to grant summary judgment on the workmen's compensation claim because of Section 1445(c). See id. The Eleventh Circuit agreed and reversed the district court's grant of summary judgment on the workmen's compensation claim, ordering the district court to remand that claim to the state court. See id. at 1061. The Eleventh Circuit stated in its introduction that "Reed's ADA claim, however, was properly before the district court" and affirmed the grant of summary judgment on the ADA claim. Id. at 1057, 1062.

It is this last statement that Defendant bases its argument that this Court must retain the three other claims in this case. Reed, however, does not control the result of this case as Defendant contends, because Reed is nothing but one of the two possible results under Gamble. In Reed, had the district court properly determined the motion to remand, the district court could have either remanded the whole case or just severed and remanded the workmen's compensation claim. It would have not made sense for the Eleventh Circuit in Reed to reverse the entire judgment and allow the district court to then determine after the fact if it was going to sever the ADA claim or remand the entire case to the state court. As

such, this Court is free to determine whether this case should be remanded in its entirety or whether the workmen's compensation claim should be severed and remanded by itself.

This Court concludes that its determination should be guided on whether the four claims are "separate and independent." This Court finds that the four claims are not separate and independent because they arise out of the same transaction and occurrence, namely plaintiff's employment and termination from Defendant. In such circumstances, this Court concludes that it is appropriate to remand the entire case to the State Court.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #7) is **GRANTED**.

2. The Clerk of this Court is directed to **remand** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida and close this case and terminate any pending motions as moot.

3. The Clerk is also directed to forward a certified copy of this Order to that Court.

**DONE and ORDERED** in Tampa, Florida on this ___6___ day of May, 2003.

JAMES S. MOODY, JR
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
Law Clerk